**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

---

ROBERT REYES,

        Plaintiff,

     v.

Cook County Correctional Officers RASHID
A. MUHAMMAD and RICHARD P. LOUIS,
COUNTY OF COOK, and TOM DART,
SHERIFF OF COOK COUNTY,

        Defendants.

Case No. 25-cv-5875

*Jury demanded.*

---

## COMPLAINT AT LAW

---

NOW COMES Plaintiff ROBERT REYES, by his attorney, LAW OFFICE OF JORDAN MARSH LLC, and complaining of the Defendants Cook County Correctional Officers RASHID A. MUHAMMAD and RICHARD P. LOUIS, COUNTY OF COOK, and TOM DART, SHERIFF OF COOK COUNTY, states the following:

### JURISDICTION AND VENUE

1.    This action arises under the Constitution of the United States, particularly the Fourteenth Amendment to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

2.     The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, 1331 and 1343.  Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3.     This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the Federal claims.  Venue is proper under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

## PARTIES

4.     At all times relevant herein, Plaintiff ROBERT REYES ("Robert") was a resident of the County of Cook, State of Illinois, and a detainee in the Cook County Jail.

5.     Defendants MUHAMMAD and LOUIS are sued in their individual capacities and were at all times relevant, sworn correctional officers employed by the Sheriff of Cook County and the County of Cook, and were acting within the scope of their agency, service and/or employment with the Sheriff of Cook County and the County of Cook, and were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

6.     Defendant COUNTY OF COOK is sued for purposes of indemnification pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

7.     Defendant TOM DART is the duly elected Sheriff of Cook County. He is sued in his official capacity. He will be referred to hereinafter as "The SHERIFF".

## FACTUAL ALLEGATIONS

8.     On or around June 6, 2023, Robert was in the custody of the Cook County Department of Corrections.

9.     On this day, another detainee, Keith Ford, stole a pair of Robert's shoes.

10.    Robert asked Ford to return his shoes to him.

11.    Ford became aggressive towards Robert.

12.    At this time, Defendant Muhammad was on Robert and Ford's tier.

13.    Robert informed Muhammad about the incident with Ford incident and expressed to Muhammad that something was going to happen if he was not moved off the tier.

14.    Robert asked Muhammed to move him off the tier.

15.    Defendant Muhammad informed Robert that he would get a Sergeant and get him moved to a different tier.

16.    Defendant Muhammad finished his shift and failed to do anything to get Robert moved or to otherwise protect Robert from Ford, despite knowing of the threat Ford posed to Robert.

17.    After Muhammad left, Defendant Louis took over as the officer on the tier.

18.    Louis came to get Robert out of his cell, but Robert told louis he would not leave the cell because Ford was right outside the cell with a weapon.

19.    Robert, who was in his cell, informed Defendant Louis that he felt unsafe around Ford, and that Ford was standing outside of his cell waiting for Robert to come out so he could beat him.

20.    Defendant Louis stood in front of Robert's cell while Ford stood right next to him.

21.    Ford repeatedly yelled slurs at Robert in close proximity to Defendant Louis.

22.    Defendant Louis watched as Ford yelled at Robert in a threatening and aggressive manner.

23.     Despite the obvious danger posed by Ford, Defendant Louis failed to take any measures to move or otherwise protect Robert before leaving the deck.

24.     As soon as Louis left the deck, Ford went straight to Robert's cell and attacked him through the cell door's window by swinging a sock filled with bars of soap (known as a "soap sock") at Robert's face at least twice.

25.     The soap sock struck Robert's face with extreme force.

26.     Ford also threw a combination of urine and feces through Robert's cell window.

27.     After the attack, Robert informed Defendant Louis of what had occurred.

28.     Louis said something to the effect of "Yeah, right", and walked away.

29.     Robert was finally able to speak to a correctional officer who saw that Robert's eye was discolored and alerted a sergeant, who took Robert's statement and arranged for him to be transported to Cermak Health Services for medical evaluation.

30.     Robert was moved to a different housing unit as a result of Ford's assault.

31.     Robert has been since declared legally blind in his left eye as a result of the assault.

32.     At all relevant times, Defendants LOUIS and MUHAMMAD were aware of the threat posed by Ford to Robert.

33.     In fact, as noted above, LOUIS was present for and observed Ford's aggression toward Robert and was informed of the threat by Robert.

34.     Instead of taking any action to protect Robert, Defendants Muhammad and Louis consciously and deliberately ignored the clear danger to Robert, thereby failing to protect him from Ford's assault.

35.     As a result of the foregoing, Defendants MUHAMMAD and FORD caused Robert to be deprived of rights secured by the Fourteenth Amendment to the United States Constitution.

36.     At all relevant times, Defendants MUHAMMAD and FORD were acting within the scope of their employment as employees of the County of Cook and the Sheriff of Cook County, and were acting under color of law.

37.     Pursuant to *Carver v. Sheriff of LaSalle County,* 324 F.3d 947, 948 (7th Cir. 2003), the County of Cook is liable to Plaintiff as indemnitor of the individual defendants.

38.     Muhammad and Ford's misconduct – and Robert's injuries – were proximately caused by the Sheriff's longstanding failure to train and discipline its correctional staff regarding their responsibilities to protect detainees from harm while in custody, despite knowledge that such failures would directly contribute to violations of detainees' constitutional rights.

39.     At all relevant times, the Sheriff was aware of numerous instances of detainee violence against other detainees, many of which led to allegations – and settlements – involving officers failing to protect detainees against violence by other detainees.

40.     The frequency of these known incidents and allegations – combined with the Sheriff's deliberately indifferent failure to sufficiently address them in training and discipline – was sufficient to amount to a *de facto* policy and practice that proximately caused and/or contributed to Robert's injuries and the violation of his constitutional rights.

41.     There should have been a solid window in the space through which Ford attacked Robert. Instead, due to the Sheriff's failure to maintain the jail, there was an open space in Robert's cell door through which Ford was able to harm Robert.

42.     Any correctional officer who passed by Robert's cell could see there was a hole where the window was supposed to be.

43.     The absence of a solid window or other barrier was clearly and obviously unsafe, as it would allow for precisely the type of assault that Ford perpetrated on Robert.

44.     The Sheriff's failure and/or refusal to institute timely repairs at the jail was so widespread and chronic as to constitute a *de facto* policy and practice that proximately caused and/or contributed to Robert's injuries and the violation of his constitutional rights.

45.     As a direct and proximate result of Defendants' aforesaid misconduct, Robert suffered severe and permanent injuries, permanent deprivation of his full eyesight, and emotional pain and suffering.

## PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff ROBERT REYES prays for judgment against Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney fees and costs, and for any additional relief this Court deems just and proper.

## JURY DEMAND

Plaintiff ROBERT REYES requests a trial by jury.

**DATED:** May 27, 2025

<div style="margin-left:50%">

Respectfully submitted,
ROBERT REYES

/s/ Jordan Marsh
*Attorney for the Plaintiff*

</div>

**LAW OFFICE OF JORDAN MARSH LLC**
33 North LaSalle Street Suite 2000
Chicago, IL 60602
(224) 220-9000
jordan@jmarshlaw.com